UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID RODNEY,

        Petitioner,

    - against -

ALBERTO GONZALEZ, Attorney
General of the United States,

        Respondent.
------------------------------------------------------------X

DOCKET & FILE

**MEMORANDUM and ORDER**

05 CV 3407 (SLT)(RML)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  JAN 9 2006  ★
TIME A.M. / P.M. _____

**TOWNES, United States District Judge:**

    Petitioner *pro se*, a native and citizen of Guyana, submits this "Petition Under 28 U.S.C. [§] 2241 For [a] Writ of Habeas Corpus By a Person in State Custody," dated July 11, 2005 (the "Petition"). He challenges the lawfulness of decisions by an immigration judge and the Board of Immigration Appeals ("BIA"), which ordered him removed from the United States as a result of his criminal convictions.

    On July 9, 1998, an immigration judge found Petitioner to be removable and ineligible for relief from removal. On January 14, 1999, this decision was affirmed by the BIA. On July 15, 2004, the BIA denied a motion to reopen filed by Petitioner. On August 3, 2005, the BIA denied another motion filed by Petitioner. *See* Declaration of Margaret M. Kolbe, dated September 9, 2005, with Exhibits A through I attached thereto.

    In response to the Petition and the Court's order to show cause, dated July 21, 2005, directing the Government to show cause why a writ of habeas corpus

should not be issued, Respondent opposes the relief sought and seeks dismissal of the Petition in its entirety for lack of subject matter jurisdiction. Respondent further requests that the Court vacate its order staying Petitioner's deportation. Petitioner submitted no responsive pleadings to the submissions of Respondent.

For the reasons stated below, the motions of Respondent are granted.

This Petition was filed with the Court on July 20, 2005. On May 11, 2005, amendments made by section 106(a) of the REAL ID Act of 2005 ("RIDA"), Pub. L. Nº 109-13, Div. B, Title I, § 106, 119 Stat. 231, 310, stripped this Court of jurisdiction to consider such a challenge to the lawfulness of a removal order.

RIDA § 106(a) amended the judicial review provisions of the Immigration and Nationality Act ("INA") § 242, 8 U.S.C. § 1252, to explicitly provide, *inter alia*, that judicial review of all administratively final orders of removal, deportation, and exclusion shall take place exclusively in the appropriate courts of appeals, for criminal and non-criminal aliens alike. RIDA § 106(a)(1)(B) amended INA § 242(a) by adding, *inter alia*, the following new jurisdictional provision:

> **(5) Exclusive means of review.**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, [United States Code,] or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in

subsection (e) . . . .[1] For purposes of this chapter, in every provision that limits or eliminates judicial review or the jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

RIDA § 106(a)(1)(B), 8 U.S.C. § 1252(a)(5).

Pursuant to RIDA § 106(b), this provision became effective on May 11, 2005, and "appl[ies] to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of [RIDA]."

The amendments clearly mandate that the Petition be filed in the Court of Appeals for the Second Circuit.

Respondent also moves the Court to vacate its order issued on July 21, 2005, which stayed deportation of Petitioner. By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a

---

[1] Subsection (e) of section 252 pertains to judicial review of "expedited" orders of removal issued by U.S. Immigration and Customs Enforcement, as authorized by INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), and is not relevant to this case.

stay is the court that will issue a "decision on the petition." The order staying removal of Petitioner is, therefore, vacated.

## CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is dismissed, and the Court's order, dated July 21, 2005, staying removal or deportation, is vacated.

The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2005

SAMUEL L. TOWNES
United States District Judge